

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-39,987-04

### EX PARTE REGINALD JEROME CHRISTIAN AKA ANTOINE LEON CHRISTIAN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1093011-A IN THE 184TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

### OPINION

Applicant was convicted of possession of a controlled substance and sentenced to two years and nine months' imprisonment. In this post-conviction application for writ of habeas corpus, Applicant alleges that his plea was involuntary because he did not know that Officer Gerald Goines, an investigating officer involved in his case, had engaged in misconduct in other cases. We filed and set the case for submission to determine:

(1)     Was Gerald Goines's conduct in this case the type of misconduct that gives rise to an inference of falsity under *Ex parte Mathews*, 638 S.W.3d 685 (Tex. Crim. App. 2022)?;

(2)     Assuming an inference of falsity under *Mathews* applies, do the facts of this case rebut that inference of falsity?; and

(3)     Assuming an inference of falsity applies and was not rebutted by the facts of this case, was the false evidence provided by Gerald Goines material to Applicant's guilty plea?

This Court ultimately determined that Applicant had failed to establish the applicability of the inference of falsity under *Mathews* because Applicant's case does not involve the type of misconduct that gives rise to an inference of falsity. *Ex parte Christian*, __ S.W.3d __, 2024 WL 4281127 (Tex. Crim. App. 2024).  The Court, therefore, remanded the case to the trial court to consider Applicant's involuntary plea claim without reference to an inference of falsity regarding Goines's conduct in Applicant's case. *Id.*

In response to this Court's remand order, the trial court made findings of fact and conclusions of law recommending relief be denied because Applicant failed to establish that he would have proceeded to trial if he had been aware of the potential impeachment evidence concerning Officer Goines' misconduct in other cases. *Ex parte Palmberg*, 491 S.W.3d 804, 807 (Tex. Crim. App. 2016); *Ex parte Barnaby*, 475 S.W.3d 316, 325 (Tex. Crim. App. 2015). We agree with the trial court's findings of fact and conclusions of law.   Relied is denied.


Delivered: March 12, 2025
Do not publish